IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **LEROY RODGERS, JR.,** *et al.*, | ) |
| | ) |
|     **Plaintiffs,** | ) |
| | ) |
| v. | )    **CIVIL ACTION 07-0649-WS-M** |
| | ) |
| **JACKIE J. LEE,** *et al.*, | ) |
| | ) |
|     **Defendants.** | ) |

**ORDER**

    This matter comes before the Court on Plaintiffs' Motion to Remand (doc. 10). The crux of the Motion is that this action should be remanded to the Circuit Court of Wilcox County, Alabama, because diversity jurisdiction is lacking. In that regard, plaintiffs argue that the $75,000 amount in controversy threshold prescribed by 28 U.S.C. § 1332 is not satisfied here, and offer several supporting exhibits. In response, defendant Jackie J. Lee, the defendant who removed this action to federal court in the first instance, filed a Consent to Remand (doc. 13) predicated on plaintiffs' counsel's unequivocal representation that plaintiffs will neither seek to recover nor accept any total amount of damages in excess of $75,000 in this case. On that basis, the removing defendant consents to remand of this action to the Circuit Court of Wilcox County, Alabama.

    In weighing motions to remand, courts in this Circuit credit representations of counsel that their clients will neither seek nor accept recovery exceeding the jurisdictional amount. *See, e.g., Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808 (11th Cir. 2003) (crediting plaintiff's counsel's representation in motion to remand that plaintiff does not seek and would not accept damages in excess of jurisdictional amount); *Matthews v. Fleetwood Homes of Georgia*, 92 F. Supp.2d 1285, 1289 (S.D. Ala. 2000) (similar). Indeed, where counsel states that he is seeking damages below a jurisdictional threshold, the Eleventh Circuit has found that such a representation "deserves deference and a presumption of truth. We will not assume – unless given reason to do so – that plaintiff's counsel has falsely represented, or simply does not

appreciate, the value of his client's case." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). This evidence is properly considered in assessing whether remand is appropriate. *See generally Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir. 2000) (allowing district court when necessary to consider post-removal evidence in assessing removal jurisdiction, provided that jurisdictional facts supporting removal must be judged at the time of removal). Given the unequivocal manner in which plaintiffs' counsel has committed his clients to a $75,000 cap on recovery in these proceedings, the Court agrees with plaintiffs and defendant Lee that remand is appropriate.

In light of the foregoing, Plaintiffs' Motion to Remand (doc. 10) is **granted** for lack of subject matter jurisdiction. This action is hereby **remanded** to the Circuit Court of Wilcox County, Alabama for further proceedings.

DONE and ORDERED this 18th day of October, 2007.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE